UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MINNIE PRICE,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. NASTASSI HEURTELOU, and P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendant.

-----------------------------------------------------------X

COMPLAINT

CV 12-2197

___CV___

ROSS, J.

POHORELSKY, M.J.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 3 2012 ★
BROOKLYN OFFICE

NO SUMMONS ISSUED

Plaintiff, Minnie Price, by her attorney, John Carlton, complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights by defendants as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) in that the unlawful actions complained of occurred in, and the records relevant to such practice are maintained in, this District.

**JURY TRIAL DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff is a citizen of the United States and at all relevant times a resident of the State of New York.

7. Defendant New York City was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant New York City maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, New York City.

9. That at all times hereinafter mentioned, the individually named defendants were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the Municipal Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant New York City.

12. Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant New York City.

## STATEMENT OF FACTS

13. On October 27, 2010, at approximately 10:00 a.m., Plaintiff had entered Marshall's department store at 1832 86th Street, Brooklyn, New York.

14. Plaintiff is a 62 year-old grandmother was at Marshall's shopping with her daughter.

15. As Plaintiff walked by one of the clothing wagons, Plaintiff noticed two one dollar bills hanging on the wagon.

16. Plaintiff picked up the bills so as to determine who owned them.

17. Immediately afterwards, she was accosted by a member of the New York City Police Department.

18. The officer grabbed Plaintiff by the arm and swung her against a wall.

19. Plaintiff was repeatedly told by the officers: "you know what you did."

20. Plaintiff was then handcuffed and taken to a police station where she was charged with petit larceny under P.L. 155.25.

21. It turns out that Plaintiff was the subject of a police "sting" operation named "Operation Lucky Bag."  See Exhibit A.

22. Under this sting, the police would leave valuables in public places, wait for a bystander to pick up the valuables, and then arrest the bystander.

23. In this particular instance, the valuables were a mere $2.00 and the bystander was a 62 year-old grandmother.

24. The frivolous case against Plaintiff was dismissed by the District Attorney's Office.

25. As a result of the police's actions, Plaintiff, to this day, suffers from severe mental trauma.

26. Plaintiff had never been taken into police custody in her life and the sudden shock of undergoing an arrest out-of-nowhere lead to over a years' worth of panic attacks, nightmares, and other similarly difficult moments which still continue.

### FIRST CLAIM FOR RELIEF

### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of New York City and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF

### FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF

### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants misrepresented and falsified evidence before the District Attorney.

38. Defendant did not make a complete and full statement of facts to the District Attorney.

39. Defendants withheld exculpatory evidence from the District Attorney.

40. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

41. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

42. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

43. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

44. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

45. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

## FOURTH CLAIM FOR RELIEF

### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants issued legal process to place Plaintiff under arrest.

48. Defendants arrested Plaintiff in order to obtain a collateral objective outside of the legitimate ends of the legal process.

49. Defendants acted with intent to do harm to plaintiff without excuse or justification.

50. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF

## DENIAL OF CONSTITUTION RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "50" as if the same were more fully set forth at length herein.

52. Defendant created false evidence against Plaintiff.

53. Defendant forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office.

54. In creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendant violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

55. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## PENDANT STATE CLAIMS AGAINST DEFENDANTS

## SIXTH CLAIM NEGLIGENT HIRING AND RETENTION

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Upon information and belief, defendant New York City Police Department failed to use reasonable care in the hiring and retention of the employees/police officers who investigated plaintiff and who caused plaintiff to be arrested and prosecuted.

58. Defendant knew, or should have known in the exercise of reasonable care, the propensities of said employees to engage in the wrongful conduct heretofore alleged in this Complaint.

### SEVENTH CLAIM NEGLIGENT TRAINING AND SUPERVISION

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

60. Upon information and belief, defendant failed to use reasonable care in the training and supervision of the aforesaid employees who investigated plaintiff and who caused plaintiff to be arrested and prosecuted.

### EIGTH CLAIM FALSE ARREST UNDER NEW YORK STATE LAW

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. As a result of the aforesaid conduct by defendants, Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

66. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## NINTH CLAIM  MALICIOUS PROSECUTION UNDER NEW YORK STATE LAW

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants misrepresented and falsified evidence before the District Attorney.

69. Defendant did not make a complete and full statement of facts to the District Attorney.

70. Defendants withheld exculpatory evidence from the District Attorney.

71. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

72. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

73. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

74. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

75. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;
   b. To be free from seizure and arrest not based upon probable cause;

    c. Not to have cruel and unusual punishment imposed upon her; and

    d. To receive equal protection under the law.

76. As a result of the foregoing, plaintiff is entitled to compensatory damages against the Municipal Defendants in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

Dated: New York, New York

February 28, 2012

BY: _____
John Carlton
The Law Offices of John T. Carlton
250 W. 57th Street, #2223
New York, New York 10108

**EXHIBIT A**

Chevy Runs Deep
2012 Equinox LS
CURRENT OFFERS
DISTANCE MATTERS
Chevy has 10 vehicles offering 30 MPG Highway or Better*
*Based on EPA Estimates

NYDailyNews.com
# DAILY●NEWS New York

News | Sports | Gossip | Entertainment | Events | New York | Opinion | Life & Style | Photos
Services Brooklyn | Queens | Uptown | CitizenshipNOW! | Teachers | Education | Weather | Traffic | Latino | Photos | Columnists

NYDN Home → Collections → Nypd

Ads By Google

FUZE
MOVIE QUALITY HD VIDEO CONFERENCING
FUZEBOX  FREE TRIAL

Compare hundreds of travel sites at once.
Just found at KAYAK.com:
Las Vegas, NV Hotel Deals
$32^ Stratosphere Hotel-Casi...
$32^ Excalibur Hotel Casino
$63^ Flamingo Las Vegas
$45^ Luxor Hotel and Casino
Rates found recently. Click for more info.

**RELATED ARTICLES**

Net 3 In Computer Theft Sting
*November 22, 2002*

Queens Assemblywoman Grace Meng wants Flushing store signs...
*April 14, 2010*

Cops in NYPD's SWAMP unit: Good guys behind the scenes
*April 7, 2011*

**RELATED KEYWORDS**

Nypd

## Bad buzz for NYPD sting 'Operation Lucky Bag' as pol looks to put an end to setup

BY MARK MORALES
DAILY NEWS WRITER
Wednesday, May 18, 2011




A police sting dubbed "Operation Lucky Bag," intended to collar sticky-fingered thieves, is drawing fire from lawmakers and advocates who fear it may also be snaring unsuspecting Good Samaritans.

Assemblywoman Grace Meng (D-Flushing) has introduced a bill to outlaw the tactic after receiving several complaints from residents in her district.

"This practice by the NYPD just discourages people from seeing something and saying something. It also discourages people from being Good Samaritans," Meng said.

For the sting, cops put a bag in a public location filled with valuables such as an iPod or cash. If someone walks away with the bag or its contents, that person is nabbed.

Ads By Google

**Watch Full Episodes**
Turn Your Computer into a TV! Watch Full TV Episodes Online.
www.TelevisionFanatic.com

**yoox.com : Official Site**
Fashion & Design for Men, Women Shop hard-to-find items on yoox.com
www.yoox.com

**Arrest Records In Seconds**
You'd be surprised what is public. Find anyone's criminal history now.
www.instantcheckmate.com

Cops detained a Flushing pastor in January after he picked up a bag that was part of the sting, Meng said. The pastor told Meng he was trying to return the bag to its owner.

NYPD officials did not respond to requests for comment.

Civil rights advocates said the operation smacks of entrapment.

Attorney Norman Siegel said people who are arrested through Operation Lucky Bag should "pursue a lawsuit for false arrest."

Anyone who finds lost property has 10 days to return it to the owner, so that makes the sting illegal, Siegel said.

"The program is unjust and it should be discontinued," he said.

Meng's bill has yet to be scheduled for a vote by the Assembly. Her office is searching for others who may have been arrested under the sting operation.

David Hawkins, 55, said he was making a deposit into an ATM machine at the HSBC branch on Main St. in Flushing two months ago when he noticed an abandoned purse with a wad of cash inside.

Hawkins said he took the cash and walked out of the bank. He didn't get very far before cops nabbed him and tossed him in jail for three days, he said. He pleaded guilty to petty larceny.

"What the police did was not right. You don't try to tempt citizens into committing crimes. [The police] are there to prevent crimes," Hawkins said.

Donna Lieberman, executive director of the New York Civil Liberties Union, said she supports Meng's bill and can't imagine how anyone feels safer with this operation in place.

"This program, which treats Good Samaritans like pickpockets, is ill-advised and is a real violation of civil rights," Lieberman said.

If Operation Lucky Bag continues, Meng said, it will deter New Yorkers from heeding the NYPD's mantra - See something, Say something.

"When the NYPD employs this kind of practice throughout the city, it's a complete deterrent to what we're trying to do," she said.

Ads By Google

### Ask a Lawyer Online Now
A Lawyer Will Answer You Now! Questions Answered Every 9 Seconds.
Legal.JustAnswer.com

### New York Kitchen & Bath
Full service design & remodel firm. Free consultation at our showroom.
www.NYKB.com

**FEATURED ARTICLES**



Pac-Man 30th anniversary: Google celebrates with free online Pac-Man game hidden in logo - go play!



10-year-old gives birth to baby boy



Top banned Super Bowl Commercials: Jesus Hates Obama, Go Daddy, PETA, Bud Light and more

**MORE:**

Elliptical vs. treadmill: Which will give you the better workout?

Teens set kid on fire for being 'white boy'

Photo of nude 10-year-old Brooke Shields, 'Spiritual Americana,' part of Tate Modern pop art exhibit

Derby Rankings: Can Rags race to Riches?

Search for co-host on 'Live! With Kelly' almost a 'Bachelor'-like series

Video game review: Angry Birds Space HD



© Copyright 2012 NY Daily News.com    Index by Keyword | Original Article | Index by Date | Privacy Policy | Terms of Service